# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANA MARIA, WIFE OF, AND<br>MARTIN PIZZOLATO | CIVIL ACTION |
| VERSUS | NO: 09-7669 c/w 10-051 |
| THE UNITED STATES OF<br>AMERICA THROUGH THE ARMY<br>CORPS OF ENGINEERS, ET AL. | SECTION: "S" (1) |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that the United States' Motion to Dismiss for Lack of Subject-Matter Jurisdiction (Doc. # 10, Civil Action Nos. 09-7669 & 10-051) is hereby **GRANTED.**

**IT IS FURTHER ORDERED** that Civil Action No. 09-7669 is **DISMISSED**.

**IT IS FURTHER ORDERED** that Civil Action No. 10-051 is **REMANDED** to the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.

## BACKGROUND[1]

---

[1] On December 8, 2008, plaintiffs filed suit in the United States District Court for the Eastern District of Louisiana, Civil Action No. 08-5099, against the same defendants as in this suit alleging the same causes of action. That same day, plaintiffs brought an identical suit against those defendants in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, Docket No. 667-420. On December 12, 2008, the United States removed the state court suit to the United States District Court for the Eastern District of Louisiana. The removed suit was assigned Civil Action No. 08-5129, and was consolidated with the original federal suit. Because plaintiffs failed to exhaust their administrative remedies prior to filing suit as required by the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.,* the court found that the United States was not a proper party to the suits and dismissed the original federal suit (Civil Action No. 08-5099) and remanded the removed state court suit (Civil Action No. 08-5129).

On December 11, 2009, after plaintiffs exhausted their administrative remedies, they filed Civil Action No. 09-7669 in the United States District Court for the Eastern District of Louisiana re-asserting the same allegations that were set forth in the dismissed federal suit (Civil Action No. 08-5099). Also, on January

This matter comes before the court on a motion to dismiss filed by defendant, the United State of America ("United States"). The United States argues that the consolidated actions should be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure because plaintiffs' claims are barred by the independent contractor and discretionary function exceptions to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq*.

On February 21, 2006, defendant, the United States through the Army Corps of Engineers ("Corps"), began a construction project to widen the bridge on Kawanee Avenue over the Elmwood Canal in Metairie, Louisiana, which resulted in the replacement of the bridge. Plaintiffs allege that throughout the bridge project they noticed damage to their nearby home in the form of cracks in the interior and exterior walls, nail pops, joint failure, and foundation failure. Plaintiffs allege that the damage to their home was the result of the Corps' negligent:

1. Failure to implement appropriate safeguards to prevent damage to property owners in the vicinity of the construction work being performed;

2. Failure to utilize appropriate vibration reducing measures so as to minimize and/or avoid damage to property in the vicinity of the construction project;

---

5, 2010, plaintiffs filed a third supplemental and amending petition for damages in their remanded state court suit (Docket No. 667-420), that re-named the United States as a defendant. On January 8, 2010, the United States again removed plaintiffs' state court suit to the United States District Court for the Eastern District of Louisiana. It was assigned Civil Action No. 10-051, and consolidated with Civil Action No. 09-7669.

3. Failure to supervise the actions of its contractors, subcontractors, employees, agents and/or representatives;

4. Failure to properly screen and/or evaluate contractors and/or subcontractors retained by [Jefferson Parish and/or the Corps] to perform the actual work; [and]

5. Failure to establish, promulgate and/or implement appropriate safeguards and restrictions upon the actions of its contractors, subcontractors, employees, agents and/or representatives to minimize and/or avoid damage to property in the vicinity of the construction project.

Plaintiffs also allege that the Corps subcontracted with a joint venture of Allen Wright Enterprises, Inc. and Hamp's Construction, LLC ("Allen Wright/Hamp's"), and the Corps had direct control over the subcontractors. The United States filed a motion to dismiss alleging that plaintiffs' claims against them are barred by the independent contractor and discretionary function exceptions to the FTCA.

## ANALYSIS

**A.    Legal Standard**

The federal courts are courts of limited jurisdiction. Kokkoen v. Guardian Life Ins. Co., 114 S.Ct. 1673, 1675 (1994). Their power must be authorized by the Constitution or a statute and cannot be expanded by judicial decree. Id. (citing Willy v. Coastal Corp., 112 S.Ct. 1076, 1080 (1992); Bender v. Williamsport Area School Dist., 106 S.Ct. 1326, 1331 (1986); Am. Fire & Cas. Co. v. Finn, 71 S.Ct. 534 (1951)). Thus, "it is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."

Id. (citing Turner v. Bank of N. Am., 1 U.S. (4 Dall.) 8, 11 (1799); McNutt v. Gen. Motors Acceptance Corp., 56 S.Ct. 780, 782 (1936)). Moreover, lack of subject matter jurisdiction can be raised at any stage of the proceedings and subject matter jurisdiction cannot be conferred or destroyed by the parties' agreement or waiver. Kontrick v. Ryan, 124 S.Ct. 906, 915 (2004); Buchner v. FDIC, 981 F.2d 816, 821 (5th Cir. 1993).

"Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case." Ramming v. United States, 281 F.3d 158, 161 (5th Cir.2001). "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Id. In a 12(b)(1) motion, the party asserting jurisdiction bears the burden of proof that jurisdiction does in fact exists. Id. Further, "a Rule 12(b)(1) motion to dismiss cannot be converted into a motion for summary judgment." Green v. Forney Eng'g Co., 589 F.2d 243, 246 (5th Cir. 1979). A district court may consider materials attached to a motion to dismiss pursuant to Rule 12(b)(1) "if the material is pertinent to the question of the District Court's jurisdiction since it is always the obligation of a federal court to determine if it has jurisdiction." Id. (quoting State of Alabama ex rel. Baxley v. Woody, 473 F.2d 10, 12 (5th Cir. 1973)).

"It is elementary that the United States, as sovereign, is immune from suits save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." Broussard v. United States, 989 F.2d 171, 174 (5th Cir. 1993)

4

(internal quotation and citation omitted). "The United States has statutorily consented to suits pursuant to the terms of the Federal Tort Claims Act [FTCA]." Id. The FTCA contains a limited waiver of the United State's sovereign immunity, allowing a plaintiff to sue the United States for damages in compensation for injuries resulting from certain torts of employees of the government acting within the scope of their employment." Robb v. United States, 80 F.3d 884, 887 (4th Cir. 1996); 28 U.S.C. § 1346(b). "This consent to be sued, though, does not extend to the acts of independent contractors." Broussard, 989 F.2d at 174. "[I]f the act was not committed by an employee of the Government, then the court must dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1)." Linkous v. United States, 142 F.3d 271, 275 (5th Cir. 1998). Additionally, the FTCA "excepts discretionary functions and duties from its waiver of sovereign immunity." Freeman v. United States, 556 F.3d 326, 335 (5th Cir. 2009) (citing 28 U.S.C.§ 2680(a)). The FTCA is strictly construed, and all ambiguities are resolved in favor of the sovereign. United States v. Nordic Village, Inc., 112 S.Ct. 1011, 1014 (1992).

**B.     Independent Contractor Exception**

The United States contends that plaintiffs' claims regarding the alleged failure to prevent property damage in the vicinity of the construction work is barred by the independent contractor exception because it did not exercise daily, detailed control over Allen Wright/Hamp's work on the bridge project, did not have any federal employees maintaining a daily presence on the bridge project, and hired another independent contractor to provide general quality assurance oversight for Allen Wright/Hamp's work. Further, the United States argues that plaintiffs' claims regarding the United States' alleged failure to utilize appropriate vibration reducing measures to prevent property

damage is barred because the contract placed responsibility for such damage and vibration monitoring on Allen Wright/Hamp's.

The Untied States' limited waiver of sovereign immunity under the FTCA "does not extend to the acts of independent contractors." Broussard, 989 F.2d at 174. Whether the party that performed the complained of act is an employee of the United States or an independent contractor is a question of federal law. Rodriguez v. Sarabyn, 129 F.3d 760, 765 (5th Cir. 1997). Congress left the courts free to look to the law of torts and agency to define the term 'contractor.' See Broussard, 989 F.2d at 174 (citing Logue v. United States, 93 S.Ct. 2215, 2220 (1973)).

"A critical element in distinguishing an agency from a contractor is the power of the Federal Government 'to control the detailed physical performance of the contractor.'" United States v. Orleans, 96 S.Ct. 1971, 1976 (1976). The question is "not whether the community action agency receives federal money and must comply with federal standards and regulations, but whether its day-to-day operations are supervised by the Federal Government. Id. at 1973. However, the control of detailed physical performance of the actor is not the only factor. The courts look to the factors listed in § 220 of the Restatement of Agency in evaluating independent contractor status:

> (1) the extent of control which, by the agreement, the master may exercise over the details of the work;
>
> (2) whether or not the one employed is engaged in a distinct occupation or business;
>
> (3) the kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the employer or by a specialist without supervision;
>
> (4) the skill required in the particular occupation;

(5) whether the employer or the workman supplies the instrumentalities, tools, and the place of work for the person doing the work;

(6) the length of time for which the person is employed;

(7) the method of payment, whether by the time or by the job;

(8) whether or not the work is a part of the regular business of the employer;

(9) whether or not the parties believe they are creating the relation of master and servant; and

(10) whether the principal is or is not in business.

See Linkous, 142 F.3d at 276.

The United States presented the declaration of Stephen Hinkamp ("Hinkamp") in support of its motion to dismiss.[2] Hinkamp is employed by the New Orleans District of the Corps as the Resident Engineer for the Southeast Louisiana Flood Control Program. He has held this position for 13 years and been employed by the Corps for 27 years. Hinkamp had general oversight duties on the bridge project.

Hinkamp's declaration explains that the Corps did not retain control over the details of the work. Hinkamp stated that the Corps did not have any employees at the site of the bridge project to exercise daily, detailed control over Allen Wright/Hamp's construction work, performance, or execution of its contractual duties. Instead, the Corps hired another independent contractor to

---

[2] The court may consider Hinkamp's declaration in evaluating the United States' Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction because it is pertinent to the question of the court's jurisdiction. See Green, 589 F.2d at 246.

observe and inspect Allen Wright/Hamp's performance under the contract. He also stated that, pursuant to the contract, Allen Wright/Hamp's was responsible for quality control and creating its own quality control system. Allen Wright/Hamp's quality control plan provided that it had "front line responsibility for quality control" and that its contractor quality control manager would be "responsible for inspecting, documenting, and reporting to the contracting officer all aspects of the work described and detailed in the plans and specifications, including . . . day-to-day inspection of the work . . . and ensuring that all in-place work meets or exceeds all minimum standards set forth in the plans and specifications."

Further, under the contract, Allen Wright/Hamp's was "responsible for the preservation of all public and private property" and required to "use every precaution necessary to prevent damage thereto." In the event that property damage occurred as a result of "any act, omission, neglect, or misconduct in the execution of the work on the part of" Allen Wright/Hamp's, Allen Wright/Hamp's was responsible for repairing the damage at its own expense. Moreover, the contract specifically stated that 0.25 inches per second was the acceptable measure for vibrations caused by Allen Wright/Hamp's work, and Allen Wright/Hamp's was required to ensure that the vibrations stated within the acceptable limits.

Hinkamp also declared that Allen Wright/Hamp's hired its own employees and was responsible for the day-to-day supervision of its employees' and subcontractor's work. Allen Wright/Hamp's gave daily orders and directions for specific work to be performed and the manner of its performance to its employees and subcontractors. Further, Allen Wright/Hamp's and its

employees and subcontractors were not considered federal employees, nor was the contract intended to create an employment relationship.

The evidence presented establishes that Allen Wright/Hamp's was an independent contractor, and plaintiffs' claim regarding the United States' alleged failure to prevent property damage in the vicinity of the construction work are barred by the independent contractor exception to the waiver of sovereign immunity under the FTCA.

**C.     Discretionary Function Exception**

The United States contends that plaintiffs' claims regarding the alleged failure to supervise the contractors, properly select the contractor, and to implement appropriate safety standards are barred by the discretionary function exception, because each of these actions requires an exercise of choice and discretion.

Pursuant to the discretionary function exception, the waiver of sovereign immunity provided for by the FTCA does not apply to "[a]ny claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). The "discretionary function exception is thus a form of retained sovereign immunity." Freeman, 556 F.3d at 335 (quoting In re World Trade Ctr. Disaster Site Litig., 521 F.3d 169, 190 (2nd Cir. 2008)).

In United States v. Gaubert, 111 S.Ct. 1267 (1991), the Supreme Court of the United States described a two-step test for determining whether the discretionary function exception applies. First, the challenged government action must be "the product of judgment or choice." Id. at 1273. The

United States Court of Appeals for the Fifth Circuit has explained that under the first prong of the Gaubert test, the court must:

> determine whether a statute, regulation, or policy mandates a specific course of action. If such a mandate exists, the discretionary function exception does not apply and the claim may move forward. When no mandate exists, however, the governmental action is considered discretionary and the first prong is satisfied.

Castro v. United States, 560 F.3d 381, 387 (5th Cir. 2009) (quoting Garza v. United States, 161 Fed. Appx. 341, 343 (5th Cir. 2005)). Second, the court must determine whether the complained of judgment or choice "'is of the kind that the discretionary function exception was designed to shield' because the purpose of the exception 'is to prevent judicial 'second-guessing' of legislative and administrative decisions grounded in social, economic, and public policy through the medium of an action in tort.'" Id. (quoting Gaubert, 111 S.Ct. at 1273). The United States Court of Appeals for the Fifth Circuit has stated that for the second prong, "the appropriate inquiry is whether the act in question is susceptible to policy analysis." Id. (quoting Baldassaro v. United States, 64 F.3d 206, 211 (5th Cir. 1995)). "For a complaint to survive a motion to dismiss, it must allege facts which would support a finding that the challenged actions are not the kind of conduct that can be said to be grounded in the policy of the regulatory regime." Gaubert, 111 S.Ct. at 1274-75.

Plaintiffs allege that the United States was negligent in selecting and supervising the contractor. The United States Court of Appeals for the Fifth Circuit has held that the selection and supervision, including degree of oversight, of a contractor are discretionary functions that are subject to the discretionary function exception to the FTCA. See Guile v. United States, 422 F.3d 221, 231 (5th Cir. 2005) (citing Kirchmann v. United States, 8 F.3d 1273, 1276-77 (8th Cir. 1993); Williams

v. United States, 50 F.3d 299, 310 (4th Cir. 1995)). Therefore, plaintiffs' claims that the United States was negligent in supervising and selecting the contractor are barred by the discretionary function exception.

Plaintiffs also allege that the United States was negligent in failing to implement appropriate safety standards, including vibration reducing measures. The Corps' implementation of safety standards on a construction project is a policy decision that is inherently grounded in choice and discretion of the type that the discretionary function exception is intend to protect. Plaintiffs have not identified a specific and mandatory statute or regulation that precludes the discretion for the Corps' choices of safety standards. See Gaubert, 111 S.Ct. at 1274-75. Therefore, plaintiffs' claims that the United States was negligent in failing to implement appropriate safety standards, including vibration reducing measures, are barred by the discretionary function exception.

**D.    Dismissal and Remand for Lack of Subject Matter Jurisdiction**

Subject matter jurisdiction in both of the consolidated actions is predicated on the United States's presence as a defendant pursuant to 28 U.S.C. § 1346(b). Because the court finds that plaintiffs' claims are barred by the independent contractor and discretionary function exceptions to the FTCA, the court lacks subject matter jurisdiction over both actions. The remainder of plaintiffs' claims are state law claims against non-diverse defendants.

In a civil action over which the federal court has original jurisdiction, the court may exercise supplemental jurisdiction over state law claims that are "so related to claims in the action within

such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C.A. § 1367(a) (West 2009). If a claim is dismissed for lack of subject matter jurisdiction, the federal court has no discretion to retain supplemental jurisdiction over the plaintiff's state law claims. Scott v. Pasadena Unified School Dist., 306 F.3d 646, 664 (9th Cir. 2002)). Indeed, if a plaintiff's federal claims are dismissed for failure to state a claim under Rule 12(b)(1), exercising jurisdiction would "violate Article III of the Constitution, because the original federal claim would not have 'substance sufficient to confer subject matter jurisdiction upon the court.'" Musson Theatrical, Inc. v. Fed. Express Corp., 89 F.3d 1224, 1225 (6th Cir. 1996) (quoting United Marine Workers v. Gibbs, 86 S.Ct. 1130 (1966)). Thus, because this court lacks original jurisdiction, it cannot exercise supplemental jurisdiction over plaintiffs state law claims. Plaintiff's second federal action, Civil Action No. 09-7669, is DISMISSED, and the plaintiff's re-removed state court action, Civil Action No. 10-051, is REMANDED to the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.

## CONCLUSION

**IT IS HEREBY ORDERED** that the United States' Motion to Dismiss for Lack of Subject-Matter Jurisdiction (Doc. # 10, Civil Action Nos. 09-7669 & 10-051) is hereby **GRANTED.**

**IT IS FURTHER ORDERED** that Civil Action No. 09-7669 is **DISMISSED**.

**IT IS FURTHER ORDERED** that Civil Action No. 10-051 is **REMANDED** to the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.

New Orleans, Louisiana, this 17th day of May, 2010.

**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**